ACCEPTED
14-15-00376-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/20/2015 11:08:17 AM
CHRISTOPHER PRINE
CLERK

In The

# *Fourteenth Court of Appeals*

———————

No. 14-15-00376-CV

—————————

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

10/20/2015 11:08:17 AM

CHRISTOPHER A. PRINE
Clerk

MANUEL AL FRIAS, Appellant

V.

SOVRAN HIIF STORAGE HOLDINGS, LLC, Appellee

# APPELLANT'S BRIEF

Filed by Manuel Al Frias

Thomas E. Ross
State Bar # 17301900
440 Louisiana, Suite 1550
Houston, Texas 77002
Tel  713-951-9008
Fax 713-222-0438
tomross@wt.net

# IDENTITY OF PARTIES AND COUNSEL

The following are the name of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

Plaintiff/Appellant:                    Manuel Al Frias

Attorney for Plaintiff/Appellant:       Thomas E. Ross
                                        440 Louisiana, Suite 1550
                                        Houston, Texas 77002

Defendant/Appellee:                     Sovran Acquisition Limited Partnership

Trial Attorneys for Defendant:          Vivian L. Ethridge
                                        Handlin & Associates
                                        2777 Allen Parkway, Suite 370
                                        Houston, Texas 77019

                                        Vivian L. Ethridge
                                        Hawkins & Associates
                                        2777 Allen Parkway, Suite 370
                                        Houston, Texas 77019

                                        Vivian L. Ethridge
                                        Cano & Associates
                                        2777 Allen Parkway, Suite 370
                                        Houston, Texas 77019

Trial and Appellee Attorneys
for Defendant                           Brian Cano
                                        Cano & Associates
                                        2777 Allen Parkway, Suite 370
                                        Houston, Texas 77019

                                        Jessica Z. Barger
                                        E. Maria Jamison
                                        Wright & Close, L.L.P.
                                        One Riverway, Suite 2200
                                        Houston, Texas 77056

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES ............................................................ i

STATEMENT OF THE CASE ......................................................... 1

ISSUES PRESENTED ................................................................. 2

    1.    Was Appellee/Defendant entitled to a no evidence
        summary judgment?

    2.    Was Appellee/Defendant entitled to a traditional
        summary judgment?

STATEMENT OF FACTS .............................................................. 3

SUMMARY OF THE ARGUMENTS ............................................... 4

ARGUMENTS ........................................................................... 5-10

PRAYER.................................................................................. 11

CERTIFICATE OF SERVICE........................................................ 12

CERTIFICATE OF COMPLIANCE ................................................ 12

APPENDIX............................................................................... 13

# INDEX OF AUTHORITIES

## Cases

| | Pages |
|---|---|
| *McIntyre v. Ramirez,* 109 S.W.3d 741 (Tex. 2003) | 6 |
| *Restaurant Teams Int'l v. MG Secs. Corp,* 95 S.W. 3d 336, 339 (Tex. App. – Dallas 2002, no pet) | 6,7 |
| *Timpte Industries. v. Gish,* 286 S.W. 3d 306 (Tex. 2009) | 7 |

## Statutes

| | |
|---|---|
| Chapter 59, Texas Property Code (Self-Storage Facility Liens) | 5,6,9,10 |
| Section 59.041(a), Texas Property Code | 5 |
| Section 59.041(b), Texas Property Code | 5 |
| Section 59.042 et seq., Texas Property Code | 5 |
| Section 59.005, Texas Property Code | 5 |
| Texas Rule of Civil Procedure 166a(i) | 7 |
| Texas Rule of Civil Procedure 166a | 9 |

## STATEMENT OF THE CASE

This is a lawsuit filed on May 2, 2013 (Clerk's Record page 4) by Manuel Al Frias, Appellant herein and Plaintiff in the Trial Court, against Sovran Acquisition Limited Partnership (d/b/a Uncle Bob's Self Storage), Appellee herein and Defendant in the Trial Court, for violations of the Deceptive Trade Practice Act, Theft of Property, Conversion, Trespass to Personal Property, and Breach of Contract. Defendant filed its Traditional and No-Evidence Motion for Summary Judgment on March 19, 2014 (Clerk's Second Supplemental Record). Plaintiff filed 2 Responses to the Motion, his Response to the Motion filed on April 17, 2014 (Clerk's Record page 28) and his First Supplemental Response to the Motion on May 27, 2014 (Clerk's Record page 59). Defendant filed a Reply to Plaintiff's Response on May 8, 2014 (Clerk's Record page 35). On June 3, 2014 the Trial Court heard the Motion and granted an interlocutory Partial Traditional and No-Evidence Summary Judgment on Plaintiff's causes of actions for violations of the Deceptive Trade Practice Act, Theft of Property, Conversion, and Trespass to Personal Property (Clerk's Record page 66) which was made a Final Judgment on January 27, 2015 (Clerk's Record page 149). Plaintiff had previously non-suited his cause of action for Breach of Contract (Clerk's Record page 146).

1.

## ISSUES PRESENTED

1. Was Appellee/Defendant entitled to a no evidence summary judgment?

2. Was Appellee/Defendant entitled to a traditional summary judgment?

2

# STATEMENT OF FACTS

Plaintiff's Original Petition (Clerk's Record page 4) alleged that on or about November, 2006 Plaintiff began to store his personal property in a self-storage unit located at 7833 Sam Houston Parkway, Houston, Texas owned by an entity named Stor-A-Way. The personal property stored in the unit was the contents of a closed bridal store that Plaintiff owned. The storage unit contained 800-1000 bridal gowns, 400 bouquets made by hand with crystal detail, chandelier, furniture, lights, a steamer and many wedding supplies, among other items. Defendant became the owner of the storage facility in 2010 and did business as Uncle Bob's. Plaintiff's Original Petition alleged that Plaintiff had 2 credit cards on file with Defendant to charge the monthly storage costs because he travelled extensively for his business and that in June 2012 Plaintiff discovered that Defendant, on or about May 20, 2012, had sold all of the contents of the storage unit at a non-judicial auction. Plaintiff contended that Plaintiff did not have a written contract for the storage of his contents with Defendant or Defendant's predecessor and as a result Defendant was required by law to enforce its storage lien against Plaintiff by filing a lawsuit, or if it was proven that there was a written contract Defendant did not follow the required notice provisions to enforce its lien.

3

# SUMMARY OF THE ARGUMENTS

1. Plaintiff produced more than a scintilla of evidence to avoid a no evidence summary judgment.

2. Plaintiff's summary judgment evidence establishes that there are material facts at issue in this case.

## ARGUMENTS

**1. Was Appellee/Defendant entitled to a no evidence summary judgment**

As to Defendant's No Evidence Motion, it is important to begin with the causes of action Plaintiff has pled, (1) violations of the Deceptive Trade practice Act, (2) Theft of Property, Conversion, (3) Trespass to Personal Property, and (4) Breach of Contract (Clerk's Record page 4). Plaintiff has alleged that these causes of action arose as a result of violations of Chapter 59 of the Texas Property Code-Self Storage Facility Liens (hereinafter "Chapter 59"), specifically either Section 59.041(a) or 59.041(b). Section 59.041(a) required Defendant to enforce its storage lien against Plaintiff's property only by court action **unless**, in accordance with § 59.041(b), **there is a written rental agreement** and the seizure and sale are made by the detail notice provisions of § 59.042 et seq. Section 59.005 enables a person injured by violation of Chapter 59 to sue for damages under the DTPA. Defendant did not file a lawsuit to enforce its lien. Defendant argued in its No Evidence Motion (Clerk's Second Supplemental Record) that adequate time for discovery has elapsed and that Plaintiff has no evidence to support his causes of action. Plaintiff has to provide more than a scintilla of probative evidence on a material fact, Texas Rule of Civil Procedure 166a (i). Plaintiff's Response (Clerk's Record Page 28) provided an Affidavit from Plaintiff that he did not sign the written contract (Clerk's Record page 33) attached to Defendant's Motion and he never had a

5

written contract with Defendant or its predecessor, which if true would have required Defendant to file a lawsuit to enforce its lien, Section 59.041(a). In addition, Plaintiff's Affidavit stated that he never received any notice of any delinquency or any intent to sell his property, and that he did not know of the sale of his property until after it was sold, which disputes all of the notice provisions of Chapter 59 if Defendant could have non judicially enforced its lien. To establish facts through an interested witness, the testimony must be clear, positive, and direct, *McIntyre v. Ramirez*, 109 S.W.3d 741 (Tex. 2003). The Affidavit of Plaintiff is clear, positive and direct (Clerk's Record page 33). Plaintiff stated as follows with regard to the written contract:

> "I never signed the Self Storage Rental Agreement that was attached to Defendant's Motion for Summary Judgment. I never had a written agreement with Uncle Bob's Self Storage or Stor-A-Way Phillippine. I received a contract in the mail in about November, 2011 when Stor-A-Way said that Defendant was transitioning from Stor-A-Way to Uncle Bob's but I did not sign it."

Defendant filed a Reply to Plaintiff's Response (Clerk's Record page 35) wherein it argued in support of its No Evidence Motion that case law entitles it to a summary judgment because Plaintiff failed to initiate discovery and had adequate time and Defendant has engaged in significant discovery, citing *Restaurant Teams Int'l v. MG Secs. Corp*, 95 S.W. 3d 336, 339 (Tex. App. – Dallas 2002, no pet). The *Restaurant Teams* court actually said that case (like this case) was a simple case,

6

minimal discovery was needed, if any, and:

> "All appellants had to do to defeat appellee's motion was to present more than a scintilla of probative evidence to raise a question of material fact on the elements challenged in the no-evidence motion for summary judgment.... Evidence of appellees' alleged breach of contract could have been provided by the affidavit testimony of one of appellants proving up the validity of the contract at issue and setting forth facts reflecting that appellants had performed under the contract while appellees had not."

That is exactly what Appellant did here, provide more than a scintilla of evidence in the form of the Affidavit stating that he did not sign the written contract. There could not be a case more supportive of Appellant than the *Restaurant Teams* case.

Finally as to the No Evidence Motion, Defendant is required to state the element of a claim that Plaintiff has the burden of proof at trial, Texas Rule of Civil Procedure 166a (i), *Timpte Industries. v. Gish*, 286 S.W. 3d 306 (Tex 2009). *Timpte* requires specificity to provide fair notice, and Defendant cannot generally allege that there is no evidence to support the Plaintiff's claim. Defendant's Motion did not state anything about the damages that Plaintiff alleged. It was not until Defendant's Reply to Plaintiff's Response (Clerk's Record page 35) that damages were specifically mentioned. Defendant's Reply to Plaintiff's Response might be treated as later evidence to support Defendant's Traditional Motion but cannot be considered part of Defendant's Motion or Amended Motion because it was a Reply to a Response. Nevertheless, in Plaintiff's First Supplemental Response (Clerk's Record Page 59) he provided evidence as to his damages. Plaintiff's First

7

Supplemental Response provided evidence from the Defendant's deposition of him on April 16, 2014. Plaintiff states in his deposition as to damages (Clerk's Record page 66) that he is familiar with the items at the storage facility and described what some are worth and that the value of them exceeded a certain total.

**2.    Was Appellee/Defendant entitled to a traditional summary judgment?**

As to Defendant's Traditional Motion, Defendant alleged that each of the causes of action for which Defendant requested summary judgment, except Trespass to Personal Property, was predicated on the alleged written contract between Plaintiff and Defendant's predecessor allegedly signed by Plaintiff 4 years after Plaintiff leased the premises, and shortly before the Defendant's predecessor transferred the self-storage facility to Defendant. Plaintiff is required to provide evidence of a genuine issue of material fact pursuant to Texas Rule of Civil Procedure 166a. As previously discussed Plaintiff's Response provided his Affidavit that he did not sign the written contract and he had no written contract. This Affidavit created a material issue of fact in this case. In addition, Plaintiff's Affidavit stated that he never received any notice of any delinquency or any intent to sell his property, and that he did not know of the sale of his property until after it was sold, which disputes all of the notice provisions of Chapter 59 if Defendant could have non judicially enforced its lien. In Defendant's Reply to Plaintiff's Response it provided evidence it obtained after it filed its Traditional Motion, a deposition it took on April 16, 2014 (Clerk's Record pages 44,45), to provide further support for its Motion for Traditional Summary Judgment. However, this evidence actually provides support for Plaintiff's Response and Affidavit that he never signed the contract. Plaintiff answers a question from Defendant's counsel in

his deposition as follows (Clerk's Record pages 44, 45):

"Q. And so the only thing that you dispute is that this is not your signature?

A. That 100 percent sure that that is not."

Therefore, the summary-judgment evidence provided by Plaintiff raises genuine issues of material fact. The fact of a written contract is a genuine issue of material fact because without a written contract Defendant failed to comply with Chapter 59 by not filing a lawsuit to enforce its lien, and the facts of the notice provisions of Chapter 59 were genuine issues of material fact which were also disputed in Plaintiff's Affidavit.

## PRAYER

Appellant requests that this Court reverse the Trial Court judgment and remand the case to the Trial Court for a new trial.

Respectfully submitted,

*Thomas E. Ross*

Thomas E. Ross
440 Louisiana, Suite 1550
Houston, Texas 77002
Tel 713-951-9008
Fax 713-222-0438
tomross@wt.net

ATTORNEY FOR APPELLANT

11

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's Brief

was served upon the Attorney for Appellee as follows:

> Jessica Z. Barger
> Email: barger@wrightclose.com

October 19, 2015
Date

*Thomas E. Ross*
Thomas E. Ross
Attorney for Appellant

# CERTIFICATE OF COMPLIANCE

This is to certify that there are 1,477 words in this document.

*Thomas E. Ross*
Thomas E. Ross
Attorney for Appellant

12

## APPENDIX

1. Order Partially Granting Defendant's Traditional and No-Evidence Motion for Summary Judgment

2. Trial Court Final Judgment

3. Chapter 59, Texas Property Code (Self-Storage Facility Liens)

13

CAUSE NO: 1031244

MANUEL AL FRIAS § IN THE COUNTY CIVIL COURT

VS. § AT LAW NO. TWO (2)

SOVRAN HHF STORAGE HOLDINGS LLC § HARRIS COUNTY, TEXAS

### ORDER *Partially* GRANTING DEFENDANT'S
### TRADITIONAL AND NO –EVIDENCE MOTION FOR SUMMARY JUDGMENT

Came on this day to be heard was Defendant's "No Evidence" and Traditional Motion Summary Judgment in the above and entitled numbered cause, and the Court having considered said Motion is of the opinion that it should be ~~in all things~~ *partially* GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for "No Evidence" and Traditional Motion for Summary Judgment be GRANTED as to the Plaintiff's claims against Defendant, SOVRAN ACQUISITION LIMITED *(1) DTPA ; (2) theft; (3) conversion; (4) trespass to personal property* PARTNERSHIP (D/B/A UNCLE BOB'S SELF STORAGE) ~~INCORRECTLY NAMED SOVRAN HHF STORAGE HOLDINGS LLC~~, that Plaintiff take nothing, ~~and that Defendant, SOVRAN ACQUISITION LIMITED PARTNERSHIP (D/B/A UNCLE BOB'S SELF STORAGE) INCORRECTLY NAMED SOVRAN HHF STORAGE HOLDINGS LLC, is dismissed from the case.~~

SIGNED on this the _____ day of **JUN – 3 2014** _____, 2014, in Houston, Harris County, Texas.

_____
JUDGE PRESIDING

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blackouts, additions and changes were present at the time the instrument was filed and recorded.

FILED 2014 JUN -3 AM 11: 26

I:\ATTORNEYS\VLE\04689\MSJ Trad.and No.Evid MSJ.doc\sel

Page 12

"CLOSED"

FILED
1/25/2016 5:00:35 PM
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1031244 -001/-002

| | | |
|---|---|---|
| MANUEL AL FRIAS, | § | IN THE COUNTY CIVIL COURT |
| Plaintiff | § | |
| | § | |
| v. | § | AT LAW NUMBER TWO |
| | § | |
| SOVRAN HHF STORAGE HOLDINGS, L.L.C. | § | |
| | § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

## FINAL JUDGMENT

On June 3, 2014, the Court heard Defendant Sovran Acquisition Limited Partnership's traditional and no-evidence motion for summary judgment. After considering the pleadings, motion, response, evidence on file, and arguments of counsel, the Court granted the motion in part and rendered judgment for Defendant Sovran Acquisition Limited Partnership on the following claims: (1) theft under the Texas Theft Liability Act, (2) conversion, (3) trespass to personal property, and (4) violations under the Texas Deceptive Trade and Practices Act. The Court rendered judgment that Plaintiff take nothing against Defendant Sovran Acquisition Limited Partnership on these four claims.

On September 30, 2014, the Court heard a motion for summary judgment filed by Sovran HHF Storage Holdings, L.L.C. After considering the pleadings, motion, responses, if any, evidence on file, and the arguments of counsel, the Court granted the motion in its entirety and dismissed Sovran HHF Storage Holdings, L.L.C. from the case.

On December 15, 2014, Plaintiff non-suited his breach-of-contract claim against Defendant Sovran Acquisition Limited Partnership. On December 16, 2014, the Court found that Plaintiff had no direct, independent claim under the Texas Self-Service Storage Facility Lien Act outside of the DTPA. Accordingly, Plaintiff's non-suit of the breach-of-contract claim disposed of the only remaining cause of action.

The Court finds that all claims and parties have been disposed of in this case. This judgment is final, disposes of all claims and all parties, and is appealable. The Court orders execution to issue for this judgment.

SIGNED on **JAN 27 2015**, 2015.

_____
HON. THERESA CHANG

FILED
2015 JAN 27 PM 2:47
COUNTY CLERK
HARRIS COUNTY, TEXAS

AGREED AS TO FORM:

_Vivian L. Ethridge_ (signature)

Vivian L. Ethridge
State Bar No. 24039159
CANO & ASSOCIATES
2777 Allen Parkway, Suite 370
Houston, Texas 77019
(713) 831-4800
(830) 542-5616 (facsimile)
vivian.ethridge@aig.com
*Attorneys for Defendant Sovran Acquisition Limited Partnership (d/b/a Uncle Bob's Self Storage), incorrectly named as Sovran HHF Storage Holding, L.L.C.*


_Thomas E. Ross_ (signature)

Thomas E. Ross
State Bar No. 17301900
ROSS & ASSOCIATES - II
440 Louisiana, Suite 1550
Houston, Texas 77002
(713) 227-6681
(713) 222-0438 (facsimile)
tomross@wt.net
*Attorney for Plaintiff Manuel Al Frias*

2

## § 58.002. Lien

(a) A worker has a lien as provided by this chapter if, under the contract with the employer, the worker:

(1) labors or performs a service in an office, store, hotel, rooming house or boardinghouse, restaurant, shop, factory, mine, quarry, or mill or on a farm; or

(2) performs a service:

(A) in cutting, preparing, hauling, or transporting logs or timber to a place of disposition;

(B) on a means of transportation of logs or timber; or

(C) in constructing or maintaining a tram or railroad constructed or used for transporting logs or timber to their owner or a point of disposition.

(b) The amount of the lien is the amount owed under the contract.

Acts 1983, 68th Leg., p. 3672, ch. 576, § 1, eff. Jan. 1, 1984.

## § 58.003. Property Subject to Lien

Each thing of value owned by or in the possession or control of the employer or the employer's agent, receiver, or trustee is subject to the lien if:

(1) created in whole or part by the lien claimant's work;

(2) used by or useful to the lien claimant in the performance of the work; or

(3) necessarily connected with the performance of the work.

Acts 1983, 68th Leg., p. 3672, ch. 576, § 1, eff. Jan. 1, 1984.

## § 58.004. Securing Lien

(a) Not later than the 30th day after the day that the indebtedness accrues, a worker who has not received payment for work performed and who wishes to claim the lien must:

(1) serve a copy of an account of the services, stating the amount due, on the employer or the employer's agent, receiver, or trustee; and

(2) file a copy of the account with the county clerk of the county in which the services were performed.

(b) The party making an account must execute an affidavit verifying the contents of the account.

(c) Substantial compliance with this section secures the lien.

Acts 1983, 68th Leg., p. 3672, ch. 576, § 1, eff. Jan. 1, 1984.

## § 58.005. Priority

(a) A lien under this chapter is a first lien, except that a farmhand's lien is subordinate to a landlord's lien provided by law.

(b) Liens under this chapter take priority in the order that the accounts are filed with the county clerk.

Acts 1983, 68th Leg., p. 3573, ch. 576, § 1, eff. Jan. 1, 1984.

## § 58.006. Duration of Lien

The lien ceases to exist six months after the day that it is secured unless the lien claimant has sued to foreclose the lien.

Acts 1983, 68th Leg., p. 3573, ch. 576, § 1, eff. Jan. 1, 1984.

## § 58.007. Purchase of Property to Which Lien Has Attached

(a) A person who purchases from its owner property to which the lien has attached and who has no actual or constructive notice of the lien takes the property free from the lien.

(b) An account filed with the county clerk under this chapter or a suit to foreclose a lien is constructive notice of the lien's existence.

Acts 1983, 68th Leg., p. 3573, ch. 576, § 1, eff. Jan. 1, 1984.

## § 58.008. Assignment of Lien

The lien may be assigned. An assignee receives the rights and privileges held by the assignor under the lien.

Acts 1983, 68th Leg., p. 3573, ch. 576, § 1, eff. Jan. 1, 1984.

## § 58.009. Payment of Wages

For purposes of this chapter, wages are due weekly for work performed by the day or week and monthly for work performed by the month, and an employer shall pay wages in United States legal tender.

Acts 1983, 68th Leg., p. 3573, ch. 576, § 1, eff. Jan. 1, 1984.

## CHAPTER 59. SELF-SERVICE STORAGE FACILITY LIENS

### SUBCHAPTER A. GENERAL PROVISIONS

Section
59.001. Definitions.
59.002. Applicability.
59.003. Applicability of Other Statutes.
59.004. Variation by Agreement and Waiver.
59.005. Damages for Violation.
59.006. Attachment and Priority of Lien.

Section
59.007. Purchase of Property.
59.008. Redemption.
59.009. Residential Use.

SUBCHAPTER B. LIEN
59.021. Lien; Property Attached.
59.022. Transferred.

SUBCHAPTER C. ENFORCEMENT OF LIEN
59.041. Enforcement of Lien.
59.042. Procedure for Seizure and Sale.
59.043. Contents and Delivery of Notice of Claim.
59.044. Notice of Sale.
59.045. Conduct of Sale.
59.046. Excess Proceeds of Sale.
59.047. Additional Procedures for Sale of Certain Property.

## SUBCHAPTER A. GENERAL PROVISIONS

### § 59.001. Definitions

In this chapter:

(1) "Lessor" means an owner, lessor, sublessor, or managing agent of a self-service storage facility.

(2) "Rental agreement" means a written or oral agreement that establishes or modifies the terms of use of a self-service storage facility.

(3) "Self-service storage facility" means real property that is rented to be used exclusively for storage of property and is cared for and controlled by the tenant.

(4) "Tenant" means a person entitled under a rental agreement to the exclusive use of storage space at a self-service storage facility.

Acts 1983, 68th Leg., p. 3574, ch. 576, § 1, eff. Jan. 1, 1984.

### § 59.002. Applicability

This chapter applies to a self-service storage facility rental agreement that is entered into, extended, or renewed after September 1, 1981.

Acts 1983, 68th Leg., p. 3574, ch. 576, § 1, eff. Jan. 1, 1984.

### § 59.003. Applicability of Other Statutes

(a) Subchapter B, Chapter 54,¹ does not apply to a self-service storage facility.

(b) Unless a lessor issues a warehouse receipt, bill of lading, or other document of title relating to property stored at the facility, the following statutes do not apply to a self-service storage facility:

(1) Chapter 7, Business & Commerce Code, as amended; and

(2) Chapter 14, Agriculture Code.

Acts 1983, 68th Leg., p. 3575, ch. 576, § 1, eff. Jan. 1, 1984. Amended by Acts 2001, 77th Leg., ch. 1124, § 3, eff. Sept. 1, 2001.

¹ V.T.C.A., Property Code § 51.021 et seq.

### § 59.004. Variation by Agreement and Waiver

Except as expressly provided by this chapter, a lessor or tenant may not vary the provisions of this chapter by agreement or waive rights conferred by this chapter.

Acts 1983, 68th Leg., p. 3575, ch. 576, § 1, eff. Jan. 1, 1984.

### § 59.005. Damages for Violation

A person injured by a violation of this chapter may sue for damages under the Deceptive Trade Practices—Consumer Protection Act (Subchapter E, Chapter 17, Business & Commerce Code).¹

Acts 1983, 68th Leg., p. 3575, ch. 576, § 1, eff. Jan. 1, 1984.

¹ V.T.C.A., Business and Commerce Code § 17.41 et seq.

### § 59.006. Attachment and Priority of Lien

A lien under this chapter attaches on the date the tenant places the property at the self-service storage facility. The lien takes priority over all other liens on the same property.

Acts 1983, 68th Leg., p. 3575, ch. 576, § 1, eff. Jan. 1, 1984.

### § 59.007. Purchase of Property

A good faith purchaser of property sold to satisfy a lien under this chapter takes the property free of a claim by a person against whom the lien was valid, regardless of whether the lessor has complied with this chapter.

Acts 1983, 68th Leg., p. 3575, ch. 576, § 1, eff. Jan. 1, 1984.

### § 59.008. Redemption

A tenant may redeem property seized under a judicial order or a contractual landlord's lien prior to its sale or other disposition by paying the lessor the amount of the lien and the lessor's reasonable expenses incurred under this chapter.

Acts 1983, 68th Leg., p. 3575, ch. 576, § 1, eff. Jan. 1, 1984.

### § 59.009. Residential Use

A tenant may not use or allow the use of a self-service storage facility as a residence.

Acts 1983, 68th Leg., p. 3576, ch. 576, § 1, eff. Jan. 1, 1984.

## § 59.021. L

A lessor h... storage facil... due and unpa...

Acts 1983, 68... Amended by A... 1, 1985.

## § 59.022. T...

## SUBCHAPT...

### § 59.041. En...

(a) Except... section, a lesse... only under a j... diction that fr... the property t...

(b) A lessor... by seizing and... attached if:

(1) the se... terms of a... or printed i... rental agree... and

(2) the se... with this cha...

Acts 1983, 68th... Amended by Act... 1, 1985.

### § 59.042. Pro...

(a) A lessor... landlord's lien... disposing of th... deliver written...

(b) If the ca... 15th day after... lessor must pu... sale as provided...

(c) If notice... sell the propert... the first notice...

storage facility and at least five other conspicuous locations near the facility.

Acts 1983, 68th Leg., p. 3577, ch. 576, § 1, eff. Jan. 1, 1984.

### § 59.045. Conduct of Sale

A sale under this subchapter must be a public sale at the self-service storage facility or a reasonably near public place. The lessor must conduct the sale according to the terms specified in the notice advertising the sale and sell the property to the highest bidder.

Acts 1983, 68th Leg., p. 3578, ch. 576, § 1, eff. Jan. 1, 1984.

### § 59.046. Excess Proceeds of Sale

If the proceeds of a sale under this subchapter are greater than the amount of the lien and the reasonable expenses of the sale, the lessor shall deliver written notice of the excess to the tenant's last known address as stated in the rental agreement or in a written notice from the tenant to the lessor furnished after the execution of the rental agreement. The lessor shall retain the excess and deliver it to the tenant if the tenant requests it before two years after the date of the sale. If the tenant does not request the excess before two years after the date of the sale, the lessor owns the excess.

Acts 1983, 68th Leg., p. 3578, ch. 576, § 1, eff. Jan. 1, 1984.

### § 59.047. Additional Procedures for Sale of Certain Property

A holder of a lien under this chapter on a motor vehicle subject to Chapter 501, Transportation Code, or on a motorboat, vessel, or outboard motor for which a certificate of title is required under Subchapter B,[1] Chapter 31, Parks and Wildlife Code, may follow the procedures prescribed by Section 70.006 in addition to the procedures prescribed by this chapter.

Added by Acts 1990, 76th Leg., ch. 70, § 1, eff. Sept. 1, 1999.

[1] V.T.C.A. Parks & Wildlife Code § 31.021 et seq.

### CHAPTER 60. NEWSPAPER EMPLOYEE'S LIEN

Section
60.001. Lien.
60.002. Property Subject to Lien.

### § 60.001. Lien

A worker in the editorial, reportorial, advertising, or business department of a newspaper, periodical, or other publication who labors or performs a service for the publication under a written or an oral contract

with any person has a first lien under this chapter for the amount due under the contract.

Acts 1983, 68th Leg., p. 3579, ch. 576, § 1, eff. Jan. 1, 1984.

### § 60.002. Property Subject to Lien

The lien attaches to all products, papers, machinery, tools, fixtures, appurtenances, goods, wares, merchandise, subscription contracts, chattels, or other things of value that are created wholly or partly by the labor of the workers or that are necessarily connected with the performance of their labor or service and that are owned by or in possession of the person with whom the workers contracted.

Acts 1983, 68th Leg., p. 3579, ch. 576, § 1, eff. Jan. 1, 1984.

### CHAPTER 61. MOTOR VEHICLE MORTGAGEE'S LIEN

Section
61.001. Definitions.
61.002. Lien.
61.003. Property on Which Lien Attaches.
61.004. Amount of Lien.
61.005. Discharge of Lien.

### § 61.001. Definitions

In this chapter:

(1) "Motor vehicle" means any motor-driven or propelled vehicle required to be registered or licensed under the laws of this state.

(2) "Mortgagee" means a secured party, as defined by Section 9.102, Business & Commerce Code, holding a lien on a motor vehicle that has been perfected pursuant to Subchapter F,[2] Chapter 501, Transportation Code.

(3) "Mortgagor" means a debtor, as defined by Section 9.102, Business & Commerce Code, giving a lien or agreeing that a lien may be retained on a motor vehicle.

Added by Acts 1989, 71st Leg., ch. 171, § 1, eff. Sept. 1, 1989. Amended by Acts 1997, 75th Leg., ch. 165, § 30.240, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 414, § 2.37, eff. July 1, 2001.

[2] V.T.C.A. Transportation Code § 501.111 et seq.

### § 61.002. Lien

A mortgagee has a lien on a cause of action or other claim of a mortgagor in connection with an accident that involves a motor vehicle on which the mortgagee